13-1472-ag
Li v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of December, two thousand fourteen.

PRESENT:
> REENA RAGGI,
> PETER W. HALL,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

ZONGHAN LI

> *Petitioner*,

> v.                                                                13-1472-ag

ERIC H. HOLDER, JR., United States Attorney General,

> *Respondent*.

_____

FOR PETITIONER:                 GUANG JUN GAO, Law Offices of Guang Jun Gao, Esq., Flushing, NY.

FOR RESPONDENT:              KILEY L. KANE, Trial Attorney (Stuart F. Delery, Assistant Attorney General, and Jennifer L. Lightbody, Senior Litigation Counsel, on the brief), Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **GRANTED**, the BIA's decision is **VACATED** and the case is **REMANDED** for further proceedings.

Zonghan Li, a citizen of the People's Republic of China, seeks review of a March 26, 2013 decision of the BIA affirming the December 23, 2010 decision of an Immigration Judge ("IJ") denying Li's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). See In re Zonghan Li, No. A088 777 170 (B.I.A. Mar. 26, 2013), aff'g No. A088 777 170 (Immig. Ct. N.Y.C. Dec. 23, 2010). Li sought such relief based on past persecution, as well as a claimed fear of future persecution based on his conversion to Christianity while in the United States. Under the circumstances of this case, we review the IJ's decision as modified by the BIA, see Xue Hong Yang v. U.S. Dep't of Justice, 426 F.3d 520, 522 (2d Cir. 2005), applying well established standards of review, see 8 U.S.C. § 1252(b)(4)(B); Yanqin Weng v. Holder, 562 F.3d 510, 513 (2d Cir. 2009). We presume the parties' familiarity with the facts and procedural history of this case, and reference them only as necessary to explain our decision.

The agency's denial of relief rested on an adverse credibility determination. We generally accord such findings considerable deference. See Xiu Xia Lin v. Mukasey, 534 F.3d 162, 167 (2d Cir. 2008). We need not do so, however, when the credibility findings

2

are rooted in misstatements of the record.  Li Zu Guan v. INS, 453 F.3d 129, 139-40 (2d Cir. 2006).

Here, the IJ found Li to be incredible based on asserted inconsistencies within his testimony at an immigration hearing and between his testimony and his original application for asylum.  Some of these findings of inconsistency or omission, regarding the date that Li was baptized, the frequency with which Li was required to report to police after his release from detention, and whether Li knew that police were soliciting his testimony against a Falun Gong-practicing neighbor for an upcoming trial are clearly or at least arguably supported by the record.  The government concedes that another alleged inconsistency, regarding the length of Li's detention by Chinese authorities, is not in fact inconsistent.  Our review of the record persuades us that several of the remaining disputed findings are not supported by the record.

First, the IJ found that a letter from Li's co-worker about the reasons for his firing from a paper factory in China was inconsistent with Li's testimony that he was fired for engaging in anti-Communist agitation.  But this finding is mistaken; Li never testified that he was fired for any reason relating to anti-Communism.  He consistently testified that he was fired for protesting his lack of pay.[1]

---

[1] The government tacitly concedes that the record did not support this finding by attempting to recast the inconsistency as being about whether Li was fired for protesting about his pay or because the company went bankrupt.  But to adopt the government's argument would be to make our own factfinding, not to defer to the IJ's.  We note that if Li was complaining merely about poor pay and was not fired based on any protected ground, his firing from the paper company would not, in and of itself, establish persecution.  See Ivanishvili v. U.S. Dep't of Justice, 433 F.3d 332, 341 (2d Cir. 2006).

Second, the IJ found Li inconsistent because he stated in his affidavit that he was arrested for distributing Falun Gong-propagated anti-Communist materials on behalf of his neighbor, a Falun Gong practitioner named Yoon who also distributed Falun Gong materials, but he did not mention Falun Gong in his testimony. Li's asylum application stated that he was arrested for distributing Yoon's copies of "Nine Commentaries on the Communist Party," an anti-Communist tract, and that the police also seized Falun Gong materials belonging to Yoon at the time of Li's arrest. Li testified, consistent with his application, that he distributed anti-Communist materials on behalf of Yoon. That Li never identified himself as a member of Falun Gong is not inconsistent because he never alleged that he was. Similarly, the IJ found Li's failure to identify himself as a member of Falun Gong inconsistent with a letter from Li's father, submitted with his affidavit. But there is no inconsistency. Li's father wrote that the police had *accused* his son of being affiliated with Falun Gong – an unsurprising inference given that Li was arrested for distributing literature on behalf of a Falun Gong member – but never stated that Li was in fact a member of Falun Gong.[2]

The issue here, however, is not whether Li's firing would support an asylum claim, but rather is whether his testimony was inconsistent with his co-worker's affidavit.

[2] To the extent that Li's claim for asylum is based on imputed membership in Falun Gong, see Vumi v. Gonzalez, 502 F.3d 150, 156 (2d Cir. 2007), the absence of any testimony about Falun Gong might be meaningful. But it is not clear from the record that either Li or the IJ characterized his claim that way, and it is for the agency, not this Court, to consider in the first instance whether Li made such a claim and whether such imputed membership supports a claim of persecution. See Chun Gao v. Gonzales, 424 F.3d 122, 129-30 (2d Cir. 2005) (remanding to consider claim of fear of persecution for petitioner who had sold Falun Gong-related books but was not himself an adherent of Falun Gong).

Third, the IJ found problematic Li's testimony that before he fled China, he hid in a Korean church in Beijing, because there "was no mention of this incident in [Li's] written application." (Admin. R. 38.) Li's affidavit, however, stated that before he fled China, he hid in Beijing. The fact that in his testimony Li was more specific about the Beijing location where he hid does not necessarily present a discrepancy with the earlier affidavit. See Tu Lin v. Gonzales, 446 F.3d 395, 401 (2d Cir. 2006) (no discrepancy where petitioner's affidavit stated that his wife hid in "other people's houses" and his subsequent testimony was "more specific as to the houses in which his wife hid").[3]

Despite these errors, we may affirm an adverse credibility finding if "we can state with confidence that the IJ would adhere to his decision if we were to remand." Xiao Ji Chen v. U.S. Dep't of Justice, 434 F.3d 144, 158 (2d Cir. 2006). We have no such confidence here, however, given that "the erroneous aspects of the IJ's reasoning are not tangential to the findings she made and that the evidence supporting her findings is not so overwhelming that it is clear she would reach the same results on remand." Cao He Lin v. U.S. Dep't of Justice, 428 F.3d 391, 406 (2d Cir. 2005). Under the Real ID Act, the IJ

---

[3] While an inconsistency or omission need not directly relate to an applicant's claims in order for an IJ to rely on it in her credibility determination, see Xiu Xia Lin, 534 F.3d at 167, if Li were claiming past persecution based on religion, the omission of the fact that he hid in a church might well be a "lacuna[]" that could be "deemed consequential by the fact-finder." Id., quoting Tu Lin, 446 F.3d at 402. While Li claimed that he did not become a Christian until he had come to the United States, he did testify that it was in the church where he hid that he first learned "how to believe Jesus." (Admin R. 131-32.) We do not foreclose further record development or explication by the IJ on remand as to the reasons why Li's omission of the fact that he hid in a church may be relevant to a credibility determination.

5

may rely on any inconsistency or omission in making an adverse credibility determination "as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." Xiu Xia Lin, 534 F.3d at 167, quoting 8 U.S.C. § 1158(b)(1)(B)(iii). Because so many of the inconsistencies found by the IJ were not rooted in the record, we cannot be confident that the IJ would reach the same adverse conclusion if the errors were corrected. Ultimately, the factfinding is for the agency, so when we find an IJ's factfinding deficient, we will ordinarily "remand to the agency for additional explanation or investigation" rather than substitute our own judgment. Twum v. INS, 411 F.3d 54, 61 (2d Cir. 2005). Accordingly, the BIA's decision is vacated and the case is remanded to allow the agency to reassess its findings, including its credibility determination, based on an accurate reading of the record.[4]

---

[4] We need not address the IJ's finding that Li was unable to corroborate his testimony because he failed to produce particular documents from China. However, we repeat our prior holding that where a petitioner has been found to be otherwise credible, "an IJ may not deny relief for failure to produce corroborative evidence, unless the IJ has (a) identified the particular pieces of missing, relevant documentation, and (b) showed that the documentation at issue was *reasonably available* to the petitioner." Xiao Ji Chen v. U.S. Dep't of Justice, 471 F.3d 315, 341 (2d Cir. 2006) (emphasis added) (internal quotation marks and alterations omitted).

For the foregoing reasons, the petition for review is GRANTED, the BIA's

decision is VACATED, and the case is REMANDED for further proceedings consistent

with this summary order.  Li's motion for a stay of removal is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7